C. M. SHEETS AND E. M. WHITMAN v. Z. B. STRADFORD ET AL.

(Filed 19 December, 1930.)

**Reformation of Instruments B a—In this case title of innocent purchaser was not questioned and issues should have been submitted to jury.**

Where a senior and two junior mortgages are given on land erroneously described as lot forty-four of a certain plat, and foreclosure has been made under a power of sale in the senior mortgage and the controversy is by the holders of the junior mortgages over the surplus from the sale paid into the office of the clerk of the Superior Court, the powers of the courts of equity relate back to the beginning of the transactions in regard to reforming the instruments upon the ground of mutual mistake or fraud as to the identity of the lot, and it is error for the court to hold that this equity could not be invoked in the present case as the title to the lands was in the purchaser at the foreclosure sale, as the title of such purchaser is not questioned, the matter involved being the distribution of the surplus funds in the clerk's hands.

CIVIL ACTION, before *Stack, J.,* at Special Term, 1930, of FORSYTH.
On 24 June, 1925, Z. B. Stradford and wife executed a deed of trust to A. H. Eller, trustee for D. R. Bryan, to secure a note in the sum of

$1,000, which said deed of trust was duly recorded. The deed of trust purports to convey "lot forty-four in Block 13 of the Kimberly Park property." Thereafter on 19 January, 1928, said Stradford and wife executed a deed of trust on the same property to secure a note for $200, which said deed of trust was duly recorded. The plaintiff Sheets is now the owner and holder of said $200 note. Thereafter said Stradford and wife conveyed the property to Willie E. Pleasants, and Willie E. Pleasants and her husband, W. C. Pleasants, in turn conveyed the property to the defendant, Joe Scales, and Annie Scales. On 9 February, Joe Scales and Annie Scales executed a deed of trust upon the property to W. T. Wilson, trustee for D. R. Bryan, to secure the payment of a note for $125, and the plaintiff, E. M. Whitman is now the owner of said note. In 1929 A. H. Eller foreclosed the first deed of trust to secure the note for $1,000, and after paying off said deed of trust and all expenses of sale, including taxes, there remained a balance of $327.06, which the said trustee Eller paid to the clerk of the Superior Court, and said sum is now held by said clerk pending the determination of the owners of the money.

The plaintiffs as junior mortgagees claim the fund, and the defendant Stradford and wife also claim the fund. Scales and wife filed no answer. The plaintiffs filed an amended petition alleging that the parties intended to describe the property in all the deeds of trust as lot No. 4, block 13, instead of lot No. 44, block 13, and that failure to correctly describe the property was due to the mutual mistake of the parties or draftsman, or the mistake of one party induced by the fraud of the other.

After reading the pleadings and hearing the argument of counsel, the trial judge entered the following decree: "The above entitled cause coming on to be heard at this time, and after the empaneling of the jury and hearing the pleadings read, and the summons showing that this case was started after the sale and deed by A. H. Eller, trustee, in 1929, the court is of the opinion, and so holds, that the plaintiff is not entitled to establish a lien against the funds in question, as he could only establish it against lot No. 4, and that the title of lot No. 4 had passed into the hands of innocent purchasers before this suit was brought. The court holds that under these facts neither plaintiff is entitled to recover any part of the funds now in the clerk's office, whereupon, the court dismisses the action, to which ruling the plaintiffs except and appeal to the Supreme Court. Appeal bond fixed in the sum of $75.00. Appellant allowed twenty-five days to make up case on appeal and ten days thereafter to the appellees to serve countercase or file exceptions.

The court is of the opinion that a correction of the description of the lot could not be enforced now against lot No. 4, it being admitted that lot No. 4 has passed out of the hands of the Stradfords.

Now, therefore, it is ordered, adjudged and decreed that this action be and the same is hereby dismissed; that the costs of this action be taxed against the plaintiffs, and that this cause be remanded to the clerk of the Superior Court of Forsyth County, North Carolina, for disposition."

From the foregoing judgment the plaintiffs appeal.

*E. M. Whitman for plaintiffs.*
*No counsel for defendants.*

BROGDEN, J. The case is this: The owner of lot No. 4, block 13, Kimberly Place, executes a deed of trust to secure a note for $1,000, but the description of the property in the deed of trust identifies the lot as being lot No. 44. Thereafter the same owner executed a second deed of trust upon the same property to secure a note for $200 held by one of the plaintiffs. The second deed of trust contained the same error of description appearing in the first deed of trust. The owner of the lot conveyed the property by deed containing the same description to a man named Pleasants and Pleasants conveyed to a man named Scales, who gave a third deed of trust upon the property to secure a note of $125, which note is now held by the other plaintiff in this action.

In February, 1929, the land was sold under power contained in the first deed of trust, and after paying the note therein secured and all charges and taxes, there was a balance of $327.06 in the hands of the trustee in the first deed of trust, and he paid this sum to the clerk of the Superior Court for the purpose of having the owner of the fund determined. The plaintiffs as holders of the notes secured by the junior deeds of trust assert title to the fund, and the defendant, the original owner of the property, likewise claims the fund. The plaintiffs allege that it was the intention of the parties to describe in said deeds of trust lot No. 4 instead of lot No. 44, and that the error in the description in the deeds of trust was due to mutual mistake or mistake of one party induced by the fraud of the other.

The power of equity created the remedy of reformation for the purpose of correcting errors produced by mutual mistake or mistake of one party induced by the fraud of the other in order that the true intention of the parties might be effectuated, and when equity thus acts upon a transaction, its power thus invoked relates to the beginning of the transaction. *Maxwell v. Bank,* 175 N. C., 180, 95 S. E., 147; *Long v. Guaranty Co.,* 178 N. C., 503, 101 S. E., 11; *Strickland v. Shearon,* 191 N. C., 560, 132 S. E., 462; *Crawford v. Willoughby,* 192 N. C., 269, 134 S. E., 494; *Skinner v. Coward,* 197 N. C., 466, 149 S. E., 682.

The application of the principle of reformation upon the facts disclosed in the record does not affect the rights of the purchaser of the

property under power contained in the first deed of trust, for the reason that the parties are not attempting to set the sale aside or to assert title to the land, but are contending solely and exclusively for the balance of the money which has been paid into the hands of the clerk by the trustee. The plaintiffs are therefore entitled to submit the issues raised to a jury. Therefore, the cause is remanded for trial upon the merits.

Reversed.