ALEXANDER CROSSETT, GEORGE T. DUNLAP, AND O. H. STUTTS, v.
JOHN R. McQUEEN, W. D. SMITH, CITIZENS BANK AND TRUST
COMPANY, ATLANTIC JOINT STOCK LAND BANK AND OTHERS.

(Filed 28 June, 1933.)

**Execution B c—Interests of cestui que trust held not subject to judg-
ments against trustee holding title under unregistered trust agree-
ment.**

> Plaintiffs alleged that they were purchasers of certain land with one
> of defendants, that deed was made to him and that he took possession
> of the land as trustee for himself and plaintiffs as tenants in common
> under a contemporaneous agreement between the parties, each having
> paid one-fourth the purchase price, that the trust agreement was in
> writing but was not registered until after the docketing of the other
> defendants' judgments against the grantee defendant, that the deed to
> the grantee defendant failed to describe him as "trustee" through the
> mutual mistake of the parties or the draftsman, that the grantee defend-
> ant executed a registered mortgage on his one-fourth undivided interest
> and that the mortgage was foreclosed and his interest purchased at the
> sale by plaintiffs. *Held,* the trust agreement was not a conveyance of or
> a contract to convey land, C. S., 3309, and did not require registration as
> against creditors, and upon demurrer of defendant grantee's judgment
> creditors, plaintiffs were entitled to reformation of the deed, and the
> judgment creditors whose judgments were docketed prior to the execu-
> tion of the mortgage were entitled to a lien only upon defendant grantee's
> one-fourth interest in the land, and the judgment creditors whose judg-
> ments were docketed subsequent to the execution of the mortgage were
> not entitled to any lien upon the land.

APPEAL by the defendants, Citizens Bank and Trust Company and
Atlantic Joint Stock Land Bank, from *Oglesby, J.,* at September Term,
1932, of MOORE. Affirmed.

The defendants, Citizens Bank and Trust Company, and Atlantic
Joint Stock Land Bank, demurred to the complaint in this action, on
the ground that the facts stated therein are not sufficient to constitute
a cause of action against said defendants.

The demurrers were overruled, and the demurring defendants ap-
pealed to the Supreme Court.

*Johnson & Johnson for the plaintiffs.*
*U. L. Spence for the defendant, Citizens Bank and Trust Company.*
*McLean & Stacy for the defendant, Atlantic Joint Stock Land Bank.*

CONNOR, J. The facts alleged in the complaint and admitted by the
demurrers may be summarized as follows:

During the month of April, 1924, the plaintiffs, Alexander Crossett,
George T. Dunlap, and O. H. Stutts, and the defendant, John R. Mc-

Queen, entered into an agreement, each with the others, that they would purchase a tract of land situate in Moore and Hoke counties, North Carolina, containing 1,664 acres, and known as the Daniel Hector Mc-Neill Home Place. It was agreed that each would contribute one-fourth of the purchase price for said tract of land, and that each should become the owner of an undivided one-fourth interest therein. It was further agreed that said tract of land should be conveyed to the defendant, John R. McQueen, as trustee for the plaintiffs and himself, and that contemporaneously with such conveyance the said John R. McQueen should execute in quadruplicate a paper-writing declaring therein that he held the legal title to said tract of land in trust for the plaintiffs and himself. It was further agreed that after the conveyance of said tract of land to him, the defendant, John R. McQueen, should enter into possession of the same as trustee for the plaintiffs and himself, and should control and manage the said tract of land as such trustee.

Pursuant to said agreement, the defendant, John R. McQueen, pro-cured the execution by the defendant, W. D. Smith, who had purchased the said tract of land at a sale made by the trustee in bankruptcy of Daniel Hector McNeill, of a deed dated 29 April, 1924, and conveying the said tract of land to him. The purchase price for said tract of land, to wit: $34,944, was paid by the plaintiffs and the defendant, John R. McQueen, each paying one-fourth of said sum, to wit: $8,736, in accord-ance with their agreement. The deed from W. D. Smith to John R. McQueen was duly registered in Moore County on 19 May, 1924. It was not registered in Hoke County until some time after June, 1932. Contemporaneously with the execution and delivery of said deed to him, the defendant, John R. McQueen, executed in quadruplicate a paper-writing declaring therein that he held the legal title to said tract of land in trust for the plaintiffs and himself, and that he would convey the same at any time as directed by any three of the beneficial owners. This paper-writing was not registered in either Moore or Hoke counties until some time after June, 1932. After the execution of the deed by the defendant, W. D. Smith, to him, the defendant, John R. McQueen, entered into possession of the said tract of land, and controlled and managed the same as trustee for the plaintiffs and himself, in accord-ance with the agreement between the plaintiffs and himself.

On 16 June, 1928, the defendant, John R. McQueen and his wife, conveyed all his right, title and interest in and to the said tract of land by a mortgage deed to Crossett and Dunlap, Incorporated, to secure his note payable to said corporation for $7,500. It is recited in said mort-gage deed that the interest in said tract of land conveyed thereby is an undivided one-fourth interest. This mortgage deed was duly registered in both Moore and Hoke counties on or about 24 July, 1928. The de-

fendant, John R. McQueen, failed to pay his note secured by said mortgage deed at its maturity, and the mortgage was duly foreclosed. The plaintiffs, Alexander Crossett and George T. Dunlap, are now the owners of the undivided one-fourth interest in said tract of land which was owned by the defendant, John R. McQueen, at the date of his mortgage to Crossett and Dunlap, Incorporated.

Some time during the month of June, 1932, the plaintiffs learned for the first time that the deed from the defendant, W. D. Smith, to the defendant, John R. McQueen, dated 29 April, 1924, and registered in Moore County on 19 May, 1924, purports on its face to convey the tract of land described therein to John R. McQueen, individually, and not as trustee. The omission of the word "trustee," after the name of the grantee in said deed was due solely to the mutual mistake, oversight and inadvertence of the parties to said deed, or to the mistake, oversight and inadvertence of the draftsman. Both the defendants, W. D. Smith, the grantor and John R. McQueen, the grantee, in said deed, have admitted in writing the said mistake, oversight and inadvertence, and have executed a new deed for the purpose of correcting the deed dated 29 April, 1924. This deed, together with the paper-writing executed by the defendant, John R. McQueen, contemporaneously with the deed dated 29 April, 1924, has been duly registered in both Moore and Hoke counties since June, 1932.

After the execution and registration in Moore County of the deed from the defendant, W. D. Smith, to the defendant, John R. McQueen, and prior to the registration of the paper-writing containing the declaration of trust, executed by the defendant, John R. McQueen, certain creditors of said defendant obtained judgments against him, which they caused to be docketed in the office of the clerk of the Superior Court of Moore County. A judgment against said defendant and in favor of the defendant, Citizens Bank and Trust Company, for the sum of $5,310, with interest and costs, was docketed on 13 February, 1928. A judgment against said defendant and in favor of the defendant, Atlantic Joint Stock Land Bank, for the sum of $3,660.98, with interest and costs, was docketed subsequent to 16 June, 1928. Judgments against said defendant and in favor of other defendants for various sums were docketed subsequent to 16 June, 1928. Each of these defendants, judgment creditors of the defendant, John R. McQueen, contends that his judgment is a lien on all the land described in the deed from W. D. Smith to said defendant situate in Moore County, for the reason that said judgment was docketed subsequent to the execution and registration of said deed and prior to the registration of the paper-writing containing the declaration of trust.

The facts as above stated are sufficient to constitute a cause of action on which the plaintiffs are entitled to judgment against the demurring defendant, (1) that the deed from the defendant, W. D. Smith, to the defendant, John R. McQueen, be reformed so that said deed shall on its face convey the tract of land described therein to the defendant, John R. McQueen, as trustee for the plaintiffs and himself, in accordance with their agreement entered into prior to the execution of said deed; (2) that the plaintiffs are now the owners of the said tract of land, as alleged in the complaint; (3) that the defendant, Citizens Bank and Trust Company, has a lien on an undivided one-fourth interest in said tract of land for the amount of its judgment against the defendant, John R. McQueen, said judgment having been docketed prior to the date of the registration of the mortgage deed from John R. McQueen to Crossett and Dunlap, Incorporated; and (4) that the defendant, Atlantic Joint Stock Land Bank has no lien on any part of or interest in said tract of land by reason of its docketed judgment.

The judgment overruling the demurrers of the appellants is affirmed on the authority of Spence v. Pottery Co., 185 N. C., 218, 117 S. E., 32. The instant case cannot be distinguished from that case, except that in the instant case the declaration of trust is evidenced by writing, while in that case the trust vested in parol. The declaration of trust is not a conveyance, or contract to convey, or lease of land, requiring registration as against creditors, by virtue of the provisions of C. S., 3309. The fact that it was not registered prior to the docketing of the judgments is immaterial. The judgment is

Affirmed.