The findings of fact and judgment in this action are as follows: "This cause coming on for hearing before the undersigned judge presiding in the Tenth Judicial District, upon an order to show cause why the restraining order heretofore issued by his Honor, N. A. Sinclair, judge then presiding in the Tenth Judicial District, returnable before his Honor, W. A. Devin, resident judge of the Tenth Judicial District, *Page 867 
and by agreement transferred and heard before the undersigned, should not be continued until the hearing, and being heard upon the following evidence, to wit: the complaint of the plaintiff treated as an affidavit, affidavits of T. B. Smith and Jones Fuller, and the answer and amended answer of Hunter Jones, all of which written evidence is attached to these findings and made a part of the record in the case, and upon which evidence the court finds the following facts and concludes as a matter of law thereon, to wit: Findings of Fact — (1) In November, 1917, Oliver Pierce and wife, and Lauretta Sowell, pursuant to an agreement between S. P. Mason and the plaintiff, conveyed to S. P. Mason in fee an undivided interest in a lot in Durham Township, containing 7 3/4 acres by deed recorded in Book 53 of deeds, on page 6, registry of Durham County. The deed to said Mason contained full covenants and warranty of title. No mention was made therein of any trust. The deed was delivered to Mason pursuant to an agreement between him and plaintiff which was entered into prior to the execution of said deed whereby Mason agreed to hold the land thereby conveyed solely as trustee for the plaintiff. Pursuant to said agreement, and subsequent thereto, plaintiff paid the entire purchase price of $950.00, but for its convenience and by its direction, and pursuant to the aforesaid agreement between it and said Mason, plaintiff had the deed made to said Mason. There is no claim of fraud or mistake in the making of the deed to said Mason.
"(2) On 27 August, 1918, as further evidence of the aforesaid agreement between him and plaintiff, said Mason, under seal, covenanted or contracted to convey to the Durham and Southern Railway Company said lot upon demand of said railway company, stating that the railway company had paid the entire purchase price for said interest, and that he had no interest therein except to hold the legal title. This contract to convey was delivered to the railway company, but was never registered. That said written instrument was merely confirmatory of the aforesaid agreement between Mason and plaintiff entered into before the deed from Pierce and wife and Lauretta Sowell to said Mason was executed and before the purchase price was paid by plaintiff. Plaintiff paid Mason $47.50 commission for buying the interest in said land for it, the said Mason at the time being a real estate agent in Durham, N.C.
"(3) That thereafter said Mason and wife became indebted to the estate of J. W. McFarland, and on 18 January, 1926, a judgment was obtained against them and docketed in Judgment Docket 9, page 120, said judgment being for $410.00, and interest thereon from 9 January, 1925, and for costs. *Page 868 
"(4) That on 8 June, 1927, Mason and wife conveyed the lands in controversy to the Durham and Southern Railway Company by deed recorded in Deed Book 90, page 597, registry of Durham County. That said deed was made by Mason and wife in fee, and made no mention whatever or reference to any trust relation existing theretofore between him and said railway company in connection with the land then being deeded.
"(5) That later, to wit, on 7 December, 1928, said Durham and Southern Railway Company instituted a special proceeding in the Superior Court of Durham County for the purpose of having the land in which it owned an undivided interest partitioned, and on 24 April, 1929, the commissioners appointed made their report, and a map showing the allotment was filed in Plat Book 9, page 30.
"(6) That on 21 March, 1934, Susie W. McFarland, administratrix of J. W. McFarland, assigned the judgment above referred to against said Mason and wife to E. E. Thompson, trustee, who on the same date, according to a notation appearing on said judgment docket, transferred and assigned it to the defendant Hunter Jones, who caused an execution to be issued thereon bearing date of 30 May, 1934, which was delivered to the defendant E. G. Belvin, sheriff, with directions to levy upon the land of the plaintiff to satisfy said judgment of the said Susie W. McFarland, administratrix, against the said S. P. Mason and wife.
"(7) That the defendant E. G. Belvin, sheriff of Durham County, pursuant to the execution directed to him to enforce the collection of the judgment above referred to, was preparing to levy upon and advertise and sell the land conveyed to plaintiff by deed of S. P. Mason and wife.
"(8) That on 25 June, 1934, plaintiff railroad company temporarily restrained the sheriff and his agents from selling or levying upon the land in controversy, and instituted this action for a perpetual injunction.
"It is now therefore considered, adjudged, and decreed that plaintiff is entitled to the relief prayed for in its complaint, and therefore the defendant E. G. Belvin, sheriff of Durham County, his deputies, agents, and all other persons, including the defendant Hunter Jones, be and they are hereby restrained and enjoined from advertising for sale or selling any land or other property of the plaintiff pursuant to said writ of execution or otherwise, and particularly the land of the plaintiff conveyed to it by S. P. Mason and wife on 8 June, 1927, the deed to which is recorded in the office of the register of deeds of Durham County, in Deed Book 90, at page 597. It is further ordered that the defendant Hunter Jones pay the costs of this action, to be taxed by the clerk. E.H. Cranmer, Judge Presiding, Tenth Judicial District." *Page 869 
To the foregoing judgment the defendant Hunter Jones, both as to the findings of fact and conclusions of law, excepted, assigned error, and appealed to the Supreme Court.
The judgment of the court below is affirmed on authority of Crossett v.McQueen, 205 N.C. 48.
Affirmed.