CLARK, C.J., dissenting. *Page 231 
Plaintiff, claiming to have an interest in property about to be sold to satisfy demands of judgment creditors of her husband, brought this action to restrain such sales and to have the deed reformed so as to make it show that she and her husband held the estate by entirety, and that it did not belong to her husband individually.
The temporary restraining order was continued to the hearing, and the defendants appealed.
According to the allegations of the plaintiff, she and her husband purchased from D. F. Wooten and wife, on 1 November, 1906, a valuable tract of land situate in Lenoir County. One-half the purchase price of said land came from plaintiff's individual funds, derived from sales of property which she had inherited from her parents; and it was the mutual understanding and agreement that the title to said property was to be taken in the name of J. T. Spence and wife, Alice Spence, vesting in them as grantees an estate by the entirety. See Freemanv. Belfer, 173 N.C. 581, and Bruce v. Nicholson, 109 N.C. 202, for a full discussion of the nature and character of this estate. It is also alleged that by inadvertence or mistake of the draftsmen the deed was made solely to plaintiff's husband, J. T. Spence, omitting plaintiff's name as his wife entirely therefrom. This error was not discovered by the plaintiff nor by her husband until the fall of 1921, when certain judgment creditors of plaintiff's husband, defendants herein, were threatening to levy executions against the property in question and to have the same sold by the sheriff to satisfy their judgments. No answer has been filed in this cause by J. T. Spence, plaintiff's husband, nor by D. F. Wooten, grantor in said deed. The value of the property is stated to be approximately $13,680, while the judgments of the defendants, which were docketed in October, November, and December of the year 1921, amount in the aggregate to about one-half the value of the land. The plaintiff and her husband have been in the continuous possession of said property since its purchase on 1 November, (220) 1906.
The judgment creditors, defendants and appellants herein, contend that the plaintiff is barred from setting up her interest in the land against their rights and liens, first, by the provisions of the Connor Act, C.S. 3309, and, second, by the statute of limitations, C.S. 445. *Page 232 
The Connor Act of 1885, now C.S. 3309, provides: "No conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies," etc. It will be observed that this section, in terms, applies only to conveyances of land, contracts to convey, and leases of land for more than three years. Such instruments deal with estate that lie in grant, and, therefore, are required to be in writing under the statute of frauds and under the law of North Carolina. C.S. 988. The primary purpose and intent of the Legislature, in the passage of this act, was to establish a known and ready method for the settlement of conflicting claims and priorities arising from registrations. Hence, from its very nature and purpose it would seem to require that it be restricted to written instruments capable of being registered. There are certain parol trusts, and those created by operation of law, dealing with beneficial interests in lands, which are fully recognized in this jurisdiction. Jones v. Jones, 164 N.C. 320, and cases there cited. And it has been held with us consistently that these trusts, though resting in parol, or not evidenced by any writing, may be enforced against the holder of the legal title, unless it appear that such holder, or some one under whom he claims, has acquired his title for a fair and reasonable value and without notice of the trust. Here it will be observed that a bona fide purchaser for value without notice (but not a creditor) is protected against the claim of one in whose favor the trust is sought to be established, not by virtue of the terms of the Connor Act, but on the broad principles of equity.
As said by Andrews, J., in Newton v. Porter, 69 N.Y. 133: "It is immaterial in what way the change has been made — whether money has been laid out in land or lands out in money, or how the legal title to the converted property may be placed — equity only stops the pursuit when the means of ascertainment fail or the rights of bona fide purchasers for value, without notice of the trust, have intervened. The relief will be moulded and adapted to the circumstances of the cases so as to protect the rights of the true owner."
Thus, we apprehend, if these estates are to be preserved, it must be held that parol trusts, and those created by operation of law, such as are recognized in this jurisdiction, do not come within the meaning and purview of the Connor Act. No doubt these trusts were purposely (221) omitted from its terms for the reason that, being incapable of registration because not in writing, it was considered unfair and subversive of right to destroy them in favor of one who acquired his title with full knowledge of their existence. See concurring *Page 233 
opinion of Hoke, J., in Pritchard v. Williams, 175 N.C. 326, and opinion of Connor, J., author of the act, in Wood v. Tinsley, 138 N.C. 507. See, also, Roberts v. Massey, ante, 164. Where the statute does not apply, of course, those mentioned in the statute can claim nothing under it.
In Bell v. Couch, 132 N.C. 346, it was held that wills are not within the operation of the act, Connor, J., saying: "The evil which it was intended to remedy was the uncertainty of titles to real estate caused by persons withholding deeds, contracts, etc., based upon a valuable consideration, from the public records"; and the same judge, in Skinner v.Terry, 134 N.C. 309, referring to a decree directing a title to be made in an action for specific performance, said: "We would not feel authorized to extend the language of Laws of 1885, ch. 147, to include a decree of the character before us in the record."
The Connor Act is modeled after and is in almost the same language as the act requiring the registration of mortgages and deeds of trust (Wood v.Tinsley, 138 N.C. 509); and it was held in Wittkowsky v. Gidney,124 N.C. 441, that an equity to correct a deed could be enforced as against one holding a registered mortgage. It was also held in Sills v.Ford, 171 N.C. 733, that this equity for correction may be enforced against a purchaser, claiming under a registered deed, who bought with notice of the equity.
The decision in Ray v. Long, 128 N.C. 90; S. c., 132 N.C. 891, is authority for the establishment of a trust like the one here alleged. We are not now concerned with whether or not the plaintiff can make out her case. In support of his Honor's judgment, this will be assumed for present purposes.
It is further contended by appellants, who are judgment creditors of J. T. Spence, that plaintiff's right, if any she has, is now barred by the lapse of time, and they therefore plead the statute of limitations. The plaintiff and her husband have been in the continuous possession of said property since its purchase in 1906, without any apparent abandonment of plaintiff's right, and this, under the authorities, would seem to protect her claim against the bare of the statute. Speaking to a similar question in Stith v. McKee, 87 N.C. 391; Ruffin, J., said: "The one may preclude himself by his laches from asserting a right which otherwise the courts would help him to enforce, there are abundant authorities to show. But to do so in any case, there must be something on his part which looks like an abandonment of the right, or an acquiescence in its enjoyment by another, inconsistent with his own claim or demand, and accordingly we have searched in vain for a single instance (222) in which a court has withheld its aid in the enforcement of an equity, on the ground of the lapse of time when the party seeking *Page 234 
it has himself been in the continued possession of the estate to which that equity was an incident." See, also, Mask v. Tiller 89 N.C. 423; Flanner v.Butler, 131 N.C. 156; Norton v. McDevit, 122 N.C. 759. The husband's possession is considered to be the possession of the wife also, where they are living together. Faggart v. Bost, 122 N.C. 520.
A judgment creditor, or even a purchaser at an execution sale, acquire no greater lien or interest in the property of the judgment debtor than the latter had at the time the judgment lien became effective. Such was the direct holding in Bristol v. Hallyburton, 93 N.C. 387: "A sale under an execution upon a judgment which is a general lien on all property of the debtor, vests only the interest of the debtor at the time the judgment lien attaches, or such as the debtor might have conveyed by a suitable instrument for a valuable consideration. It is limited to and can rise no higher than the interest of the debtor; a stream cannot rise higher than its fountain. A purchaser under an execution takes all that belongs to the debtor, and nothing more," citing Herman on Executions, sec. 360.
We express no opinion on the merits of the case, but simply affirm his Honor's ruling in continuing the restraining order to the hearing.
Affirmed.