This is a special proceeding for the partition of certain land described in the petition between the plaintiff Verona F. Crews, and the defendant R. A. Crews, as tenants in common.
The proceeding was begun before the clerk of the Superior Court of Granville County. After it was begun, and while it was pending before the said clerk, E. G. Crews, trustee, and A. A. Crews were made parties to the proceeding. They filed an answer to the petition, in which they denied that the plaintiff Verona F. Crews owns an undivided one-half interest in the land described in the petition. They alleged that the defendant R. A. Crews and the defendant A. A. Crews are the owners of said land, as tenants in common, each owning an undivided one-half interest in said land.
The proceeding was transferred by the clerk to the civil issue docket of the Superior Court of Granville County, for trial of the issue raised by the pleadings, and was heard at the October Term, 1935, of said court, when judgment was rendered as follows:
"This cause coming on to be heard before the undersigned judge presiding at the October Term, 1935, of the Superior Court of Granville County, and being heard upon an agreement of counsel representing the plaintiff and the defendants that the undersigned might find the facts and declare the law upon such facts; the undersigned, after hearing the evidence offered by the plaintiff and the defendants, finds the following facts:
"1. This cause was begun before the clerk of the Superior Court of Granville County by Verona F. Crews against R. A. Crews, for the partition of certain lands described in the petition filed therein; in due time, the defendants E. G. Crews, trustee, and A. A. Crews, on their own motion, were made parties to the proceeding and filed an answer to the petition in which they denied that the plaintiff is the owner as tenant in common of an undivided one-half interest in the land described in the petition. The proceeding was thereupon transferred by the clerk to the civil issue docket of the Superior Court of Granville County, for trial of the issue raised by the pleadings.
"2. The plaintiff claims an undivided one-half interest in the land described in the petition under a deed executed by W. W. Crews, dated 16 December, 1931, and duly recorded in the office of the register of deeds of Granville County.
"3. The defendant E. G. Crews, trustee, is the trustee named in a certain deed of trust executed by W. W. Crews and his wife, the plaintiff Verona F. Crews, dated 16 December, 1927, and duly recorded in the office of the register of deeds of Granville County. The land conveyed by said deed of trust is described by metes and bounds and as `all of the land conveyed by W. S. Daniel and wife to W. W. Crews and R. A. *Page 219 
Crews by a deed duly recorded in the office of the register of deeds of Granville County, with the exception of 89 1/2 acres heretofore conveyed by W. W. Crews and R. A. Crews and their wives to Mrs. Lucy Oakes.'
"4. The said deed of trust was foreclosed by said trustee on 24 April, 1934, and the deed from said trustee to the defendant A. A. Crews, the purchaser at the foreclosure sale, is dated 11 May, 1934.
"5. The description by metes and bounds in the aforesaid deed of trust from W. W. Crews and his wife, the plaintiff Verona F. Crews, to the defendant E. G. Crews, trustee, does not contain a description of or embrace a tract of land containing 212 acres, in which the said W. W. Crews at the time of the execution of the aforesaid deed of trust owned an undivided one-half interest.
"6. The concluding language in said description as follows, to wit: `It being all of the land conveyed by W. S. Daniel and wife to W. W. Crews and R. A. Crews by a deed duly recorded in the office of the register of deeds of Granville County, with the exception of 89 1/2 acres heretofore conveyed by W. W. Crews and R. A. Crews and their wives to Mrs. Lucy Oakes,' covers and embraces said 212 acres of land.
"7. The said R. A. Crews and W. W. Crews engaged B. S. Royster, Jr., a practicing attorney in Granville County, to prepare said deed of trust, and instructed said attorney to draw said deed of trust, so that it would convey to the said E. G. Crews, trustee, an undivided one-half interest in all of the lands acquired by said W. W. Crews and R. A. Crews from W. S. Daniel and wife, except a tract of land containing approximately 89 acres, which had been conveyed by them to Mrs. Lucy Oakes.
"8. By mistake or inadvertence of the draftsman, or by an honest and mutual mistake of the parties, the description by metes and bounds on the aforesaid deed of trust to E. G. Crews, trustee, did not cover and embrace said 212 acres of land.
"9. The evidence in regard to said mistake is clear, strong, cogent, and convincing.
"And upon the aforesaid facts the court concludes as a matter of law and adjudges:
"First. That the following language in the deed of trust from W. W. Crews and his wife, the plaintiff Verona F. Crews, to E. G. Crews, trustee, to wit: `It being all of the land conveyed by W. S. Daniel and wife to W. W. Crews and R. A. Crews by a deed duly recorded in the office of the register of deeds of Granville County, with the exception of 89 1/2 acres heretofore conveyed to W. W. Crews and R. A. Crews and their wives to Mrs. Lucy Oakes,' covers and embraces the aforesaid 212 acres of land, and that said deed of trust conveys the said 212 acres of land. *Page 220 
 "Second. That A. A. Crews, the purchaser at the foreclosure sale made by the said E. G. Crews, trustee, became and was the purchaser of an undivided one-half interest in said 212 acres of land, and by virtue of his deed from said trustee he is now the owner of an undivided one-half interest in and to said 212 acres of land, and the defendant R. A. Crews is the owner of the other undivided one-half interest in and to said land.
"Third. That the description of the lands conveyed by the deed of trust from W. W. Crews and his wife, Verona F. Crews, to E. G. Crews, trustee, securing a note payable to R. A. Crews in the sum of $4,100, recorded in Book 196, at page 4, in the office of the register of deeds of Granville County, be and the same is hereby reformed so as to include in the description in said deed of trust all of the lands conveyed to W. W. Crews and R. A. Crews by W. S. Daniel and wife, Nancy G. Daniel, by deed dated 19 June, 1924, recorded in Book 83, at page 260, in the office of the register of deeds of Granville County, with the exception of the tract or parcel of land conveyed to Mrs. Lucy Oakes by W. W. Crews and R. A. Crews.
"Fourth. That the description of the land as set forth in and conveyed by the deed from E. G. Crews, trustee, to A. A. Crews, dated 11 May, 1934, and recorded in Book 96, at page 262, in the office of the register of deeds of Granville County, be and the same is hereby reformed and corrected so as to include in the description in said deed all of the land conveyed to W. W. Crews and R. A. Crews by W. S. Daniel and wife, Nancy G. Daniel, by deed dated 19 June, 1924, and recorded in Book 85, at page 260, in the office of the register of deeds of Granville County, and to include tracts Nos. 3, 4, and 5, as shown on the plat and survey of the W. S. Daniel lands as platted and surveyed by R. T. Gregory, surveyor, in October, 1916, and not to include tract No. 1, as shown on said plat.
"Fifth. That the plaintiff is liable for the costs of this action, and such costs are hereby taxed against the plaintiff."
From said judgment the plaintiff appealed to the Supreme Court, assigning as errors certain findings of fact, and certain conclusions of law made by the judge, and set out in the judgment.
Plaintiff's exceptions to certain findings of fact made by the judge at the hearing of this proceeding, and set out in the judgment, cannot be sustained. There was competent evidence at the hearing, sufficient in probative force to sustain each and all the findings of *Page 221 
fact. It is well settled that where, by agreement of the parties to a civil action or to a special proceeding, a trial by jury has been expressly waived, and the judge has heard the evidence and found the facts in controversy, and there was competent evidence sufficient in probative force to support his findings, they are conclusive and not reviewable on an appeal to this Court from a judgment in accordance with such findings. In the instant case, all the findings of fact are supported by competent evidence, which was properly heard and considered by the judge.
Nor can plaintiff's exceptions to the judgment, which is in accord with the findings of fact and conclusions of law made by the judge, be sustained. It is a well settled principle of law that when the specific description by metes and bounds contained in a deed does not include land which it was the intention of the parties to the deed to convey, but such land is included in and is covered by a general description, as in the instant case, the general and not the specific description will control.Quelch v. Futch, 172 N.C. 316, 90 S.E. 259. In the opinion in that case it is said: "The entire description in a deed should be considered in determining the identity of the land conveyed. Clauses inserted in a deed should be regarded as inserted for a purpose, and should be given a meaning that would aid the description."
There is no error in the judgment decreeing a reformation of the deed of trust and of the deed under which the defendant A. A. Crews claims in the instant case. In Crawford v. Willoughby, 192 N.C. 269, 134 S.E. 494, it is said: "The principle that a court of equity, or a court exercising equitable jurisdiction, will decree the reformation of a deed or written instrument, from which a stipulation of the parties, with respect to some material matter, has been omitted by the mistake or inadvertence of the draftsman, is well settled and frequently applied. Strickland v. Shearon,191 N.C. 560. The equity for the reformation of a deed or written instrument extends to the inadvertence or mistake of the draftsman who writes the deed or instrument. If he fails to express the terms as agreed upon by the parties, the deed or instrument will be so corrected as to be brought into harmony with the true intention of the parties. Sills v. Ford,171 N.C. 733."
The plaintiff in this case joined with her husband, W. W. Crews, in the execution of the deed of trust under which the defendant A. A. Crews claims. She was a party to the deed of trust, and is not in a position to assert that she is an innocent purchaser under the deed subsequently executed to her by her husband. The principle stated in the opinion inArcher v. McClure, 166 N.C. 140, 81 S.E. 1081, has no application in the instant case. The judgment is
Affirmed. *Page 222