NANNIE LOWERY AND HUSBAND, ARAH EULON LOWERY (ORIGINAL PARTIES PLAINTIFF), AND H. G. DUPREE, ADMINISTRATOR OF THE ESTATE OF W. R. MEDLIN (ADDITIONAL PARTY PLAINTIFF), v. CHARLIE THOMAS WILSON AND WIFE, VIOLA D. WILSON; MYRTLE WILSON BOWLING AND HUSBAND, L. G. BOWLING; LENZY LEE WILSON AND WIFE, DENA W. WILSON; FRANCES LUCILLE WILSON, ANNIE BELLE WILSON HATTON AND HUSBAND, LEWIS HATTON; KATHERINE WILSON BLEDSOE AND HUSBAND, LEON BLEDSOE; LONNIE THOMAS WILSON, ERNEST LEE WILSON AND MARGIE WILSON, THE LAST THREE BEING MINORS UNDER 21 YEARS OF AGE; AND NELLIE I. WILSON, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF LONNIE THOMAS WILSON, DECEASED (ORIGINAL PARTIES DEFENDANT), AND PAUL C. WEST, GUARDIAN AD LITEM OF INFANT DEFENDANTS, LONNIE THOMAS WILSON, ERNEST LEE WILSON AND MARGIE WILSON (ADDITIONAL PARTY DEFENDANT), AND GARLAND C. NORRIS COMPANY, J. R. WIGGINS, ASSIGNEE OF THE CORPORATION COMMISSION OF THE STATE OF NORTH CAROLINA; SWIFT & COMPANY AND AMERICAN AGRICULTURAL CHEMICAL COMPANY (ADDITIONAL PARTIES DEFENDANT).

(Filed 1 February, 1939.)

1. **Payment § 8: Mortgages § 12—Holder of note partially secured by mortgage may apply payment to unsecured portion as against mortgagor's creditors.**

Plaintiffs were the holders of a note for $1,500, which was intended to be secured by mortgage in like sum, but, through mistake, the mortgage was executed to secure the sum of $15, and so recorded. Thereafter,

creditors of the mortgagor obtained judgments which were duly docketed. The mortgagor made payment on the note in a sum greatly in excess of $15. *Held:* The mortgage lien in the sum of $15 is prior to the lien of the later docketed judgments, and the holders of the note are entitled to apply payments on the note to the portion thereof not secured by the mortgage as against the judgment creditors.

**2. Mortgages § 12: Deeds § 10b—Unregistered mortgage does not affect rights of purchasers or creditors for value from mortgagor.**

No conveyance of land, by mortgage or deed, is effective to pass title from the mortgagor or grantor, as against creditors or purchasers for value, but from the registration thereof, Michie's N. C. Code, 3309, 3311, and creditors are entitled to the same protection under the statutes and stand in the same position as purchasers for value.

**3. Same—**

The registration act does not apply to parol trusts.

**4. Same: Reformation of Instruments § 13—Mortgage may not be reformed as against purchasers and creditors for value of mortgagor.**

A note for $1,500 was intended by the parties to be secured by mortgage in like sum, but through mistake the mortgage was executed to secure $15, and so recorded. Later, creditors of the mortgagor obtained judgments against him which were duly recorded. *Held:* Creditors and purchasers for value are entitled to rely on the record of the instrument as written and recorded, Michie's N. C. Code, 3309, 3311, and as to them the mortgagee is not entitled to reformation.

**5. Limitation of Actions § 4—Whether cause of action for reformation of instrument for mistake was barred, as between the parties, held for jury.**

Whether, as between the original parties or their privies, a cause of action for reformation of a mortgage for mistake in specifying the amount secured as $15 instead of $1,500, as intended, was instituted within three years from discovery of the facts, or the time they should have been discovered in the exercise of due diligence, *held* for jury in this case. Michie's N. C. Code, 441 (9).

APPEAL by plaintiffs from *Olive, Special Judge,* at Second May Civil Term, 1938, of WAKE. Reversed.

On 28 February, 1921, L. T. Wilson and wife, Nellie I. Wilson, executed and delivered to W. R. Medlin a note in the sum of $1500.00. At the same time they executed and delivered a mortgage deed to secure "Fifteen Dollars." On the outside of the printed form the figures are typed as "$1500.00." The note recited "secured by mortgage deed of even date herewith on Wake County land." The mortgage was intended to secure $1500.00, but, by mistake, it only secured $15.00.

The mortgage was recorded in the office of the register of deeds of Wake County in Book 366, page 107, and the record shows the consideration to be fifteen dollars instead of fifteen hundred dollars, the outside of the paper, of course, not being recorded.

26—214

On 2 July, 1926, W. R. Medlin transferred, sold and conveyed to Mrs. Nannie Lowery, the plaintiff herein, "all my right, title, interest and estate in the within note and mortgage, without recourse on me." W. R. Medlin and L. T. Wilson are deceased. Nannie Lowery is the daughter of W. R. Medlin. Nannie Lowery purchased the note and mortgage deed from her father for $1500.00. She kept the note and mortgage in a dresser drawer at her home. L. T. Wilson made various payments of interest and at one time a payment of $100.00 on the principal was made. The last payment was made on 29 February, 1936. The record does not disclose that the $15.00 was ever paid. After plaintiffs discovered the error and mistake in the mortgage deed, the plaintiffs instituted suit to foreclose the mortgage and asked that the mortgage be reformed to read "Fifteen Hundred Dollars" instead of "Fifteen Dollars." The judgment creditors of L. T. Wilson were made parties defendant, together with the administratrix and heirs of L. T. Wilson. Nellie I. Wilson, widow and administratrix of L. T. Wilson and the heirs of L. T. Wilson, filed no answer.

The prayer of plaintiffs is as follows: "(1) That the mortgage deed recorded in Book 366, at page 107, be reformed and corrected so as to give the amount secured by said mortgage deed as $1500.00 instead of $15.00; (2) That the plaintiffs have judgment against the defendant Nellie I. Wilson as an individual and as administratrix of the estate of Lonnie Thomas Wilson, deceased, in the sum of $1,395.50, with interest from March 1, 1936, until paid; (3) That the indebtedness be declared a first lien on the lands described in the said mortgage deed and that said lands be ordered sold and the proceeds applied to said indebtedness, and that a commissioner be appointed to make said sale; (4) That any of the parties to this action be permitted to bid at said sale; (5) For their costs, and for such other and further relief as they may be entitled to."

The judgment creditors filed answers setting up the defense: "After the execution and registration of the said mortgage deed the defendants, Garland C. Norris Company and The American Agricultural Chemical Company extended credit to the said L. T. Wilson, the said Garland C. Norris Company to the amount of $476.46, and The American Agricultural Chemical Company to the amount of $4,282.26. L. T. Wilson failed to meet the obligations so created, and on January 26, 1928, Garland C. Norris Company docketed a judgment in the Wake Superior Court against L. T. Wilson for the sum of $476.46, with interest on $400.00 from November 18, 1925, and interest on $76.46 from December 2, 1926; and on the 10th day of October, 1932, The American Agricultural Chemical Company docketed two judgments in the Superior Court of Wake County against L. T. Wilson, one in the sum of $3,-

032.26, with interest from July 15, 1931, and one for $1,250.00 with interest from July 15, 1931. This action was instituted on June 6, 1936, by the plaintiffs, who, after making the said judgment creditors parties, seek to reform and correct the mortgage deed upon the registration books 'so as to give the amount secured in said mortgage deed as $1500.00 instead of $15.00,' and to have said sum of $1500.00 to be declared a first lien upon the lands described in said mortgage deed superior to the judgment liens of the Garland C. Norris Company and The American Agricultural Chemical Company. The said defendants filed answers in which they deny that the plaintiff is entitled to reform and correct the record of the said mortgage deed so as to now impair or affect their right under their judgments, and further plead that the said plaintiff is barred by the statute of limitations upon the ground that the mistake complained of by the plaintiff should by the exercise of reasonable care and prudence have been discovered more than three years prior to the institution of the action on June 6, 1936."

At the close of plaintiffs' evidence, the defendants Garland C. Norris Company and The American Agricultural Chemical Company made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled the motions and defendants excepted. The motions were renewed by defendants at the conclusion of all the evidence and the court below granted the motions. Plaintiffs excepted, assigned error, and appealed to the Supreme Court.

*Little & Wilson* for plaintiffs.
*William Y. Bickett and Yarborough & Yarborough* for Garland C. Norris Company and The American Agricultural Chemical Co., defendants.

CLARKSON, J. We think the judgment of nonsuit should be reversed.

The first question for consideration: A mortgagor makes and executes a mortgage on certain land, which was intended to secure a note of $1500.00, but it only secured $15.00, and the mortgage was duly recorded. Thereafter Garland C. Norris Company and The American Agricultural Chemical Company obtained judgments against the mortgagor. How are the liens adjusted? Answer: The judgment creditors have a lien on the land subject to the $15.00 and interest. The owner of the $1500.00 note has the right to credit the payments made by the makers of the note and mortgage on the amount not secured by the mortgage as against the judgment creditors herein.

In *Baker v. Sharpe,* 205 N. C., 196 (197-8), it is said: "The principle of law is thus stated in *Stone v. Rich,* 160 N. C., 161 (163-4): 'There is no rule in the law better settled than the one in regard to the applica-

tion of payments: (1) A debtor owing two or more debts to the same creditor and making a payment, may, at the time, direct its application to any one of the debts. The right is lost if the particular application is not directed at the time of the payment. (2) If the debtor fails to make the application at the time of the payment, the right to apply it belongs to the creditor. (3) If neither debtor nor creditor makes it, the law will apply it to the unsecured debt or the one for which the creditor's security is most precarious, or, as sometimes expressed, according to its own view of the intrinsic justice and equity of the case,' citing numerous authorities. *Supply Co. v. Plumbing Co.,* 195 N. C., 629."

N. C. Code, 1935 (Michie), sec. 3311, in part, is as follows: "No deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, but from the registration of such deed of trust or mortgage in the county where the land lies." As regards deeds, etc., see sec. 3309, *supra.*

In *Whitehurst v. Garrett,* 196 N. C., 154 (157), we find: "It is said in *Door Co. v. Joyner,* 182 N. C., at p. 521: 'In the construction of our registration laws this Court has very insistently held that no notice, however full and formal, will supply the place of registration. *Dye v. Morrison,* 181 N. C., 309; *Fertilizer Co. v. Lane,* 173 N. C., 184; *Quinnerly v. Quinnerly,* 114 N. C., 145. . . . In this jurisdiction, under C. S., 3311, the registration of deeds of trust and mortgages on real and personal property have been held of prime importance. *Boyd v. Typewriter Co., supra* (190 N. C., at p. 799). It gives stability to business. When properly probated and registered, they are constructive notice to all the world. Creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, obtain no title as against a properly probated and registered conveyance, sufficiently describing the property." *Mills v. Kemp,* 196 N. C., 309; *Ellington v. Supply Co.,* 196 N. C., 784 (789).

No distinction is made in the statute or in the opinions of the court, construing and applying the statute, between creditors and purchasers for value. No conveyance of land is valid to pass any property from the donor or grantor, as against either creditors or purchasers for value, but from the registration thereof. As to a purchaser for value, who has recorded his deed, it has been held that a prior deed from the same grantor, unregistered, does not exist, as a conveyance or as color of title. The same is true as against the creditors. *Eaton v. Doub,* 190 N. C., 14 (19).

The registration act does not apply to parol trusts. *Roberts v. Massey,* 185 N. C., 164; *Spence v. Pottery Co.,* 185 N. C., 218.

In *Crossett v. McQueen*, 205 N. C., 48 (51), speaking to the subject, it is said: "The judgment overruling the demurrers of the appellants is affirmed on the authority of *Spence v. Pottery Co.*, 185 N. C., 218, 117 S. E., 32. The instant case cannot be distinguished from that case, except that in the instant case the declaration of trust is evidenced by writing, while in that case, the trust vested in parol. The declaration of trust is not a conveyance, or contract to convey, or lease of land, requiring registration as against creditors, by virtue of the provisions of C. S., 3309. The fact that it was not registered prior to the docketing of the judgment is immaterial."

The second question for decision: Can the mortgage be reformed and the record of the mortgage corrected so as to impair or affect the rights of the creditors, Garland C. Norris Company and the American Chemical Company, under their judgments? We think not. Our statutes, *supra*, have been construed strictly to aid and encourage registration. Creditors and purchasers for a valuable consideration can rely on the record of the instrument as written and recorded.

In *Wixon v. Wixon*, 75 Colo. Rep., p. 392 (232 Pac. Rep., 665), it is held: A recorded mortgage on real estate which contains an erroneous description of the land conveyed, has the effect only of an unrecorded mortgage, as to third persons. A mortgage containing an erroneous description may be reformed as to the mortgagor and mortgagee. A judgment lien on real estate is superior to that of a mortgage which does not properly describe the land affected. A purchase money mortgage containing a defective description of the land conveyed has no effect as to third persons so far as the property involved is concerned, until corrected, and is then effective only as of the time of correction. The lien of a judgment creditor stands upon the same footing as that of a purchaser in good faith, as against a mortgage containing an incorrect description. . . . A mortgage defectively describing the land included may be reformed as to the mortgagor, but not as to the holder of a judgment lien accruing against mortgagor subsequent to date of mortgage. The lien of a judgment, transcript of which is duly filed, is superior to the claim of a mortgagee, whose mortgage erroneously fails to describe the mortgaged land. Correction of a mortgage to make it correctly describe the land intended to be mortgaged cannot effect priority of a judgment lien acquired subsequent to execution of mortgage, but prior to the correction. The lien of a judgment creditor stands upon the precise footing as that of a purchaser in good faith, as against mortgage with incorrect description.

As between the parties we see no reason why the mortgage could not be reformed. The Statute of Limitations, C. S., 441, sub-sec. 9, is as follows: "For relief on the ground of fraud or mistake; the cause of

action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." The action is barred within three years from the discovery of the facts or from the time when they should have been discovered by the exercise of due care. We think the evidence in this case on this aspect makes it a question for the jury. Some of the defendants have filed no answer.

In the judgment of the court below is the following: "It is, therefore, further considered, adjudged and decreed that the liens of the judgments against L. T. Wilson set forth in the amended complaint herein are unaffected by the alleged cause of action of the plaintiffs for the reformation of the said mortgage deed and constitute liens upon the lands described in the amended complaint superior to any rights of the plaintiffs based upon said cause of action for the reformation of said mortgage deed."

We think the judgment above set forth is correct, as herein modified, viz.: the $15.00 secured by the mortgage and interest on same, which was properly recorded and notice to the creditors, will be and constitute a first lien and be paid before the creditors.

For the reasons given, the judgment of the court below is

Reversed.