CECIL C. ARNETTE v. JAMES E. MORGAN, SR., VIRGINIA MORGAN, AND GENERAL GROWTH LIMITED PARTNERSHIP

No. 8729SC529

(Filed 19 January 1988)

**Reformation of Instruments § 9— reformation of deed to correct description—effect on intervening judgment lien**

A deed from the individual defendants to plaintiff could be reformed to affect the intervening judgment lien held by defendant partnership since the deed contained an improper legal description which mistakenly did not convey all the property the parties intended; defendants, as grantors, held as constructive trustees for plaintiff that portion of the land the parties intended to be conveyed; and defendant partnership failed to allege or prove that it in good faith advanced new consideration or incurred some new liability on the faith of the apparent ownership of defendants. Furthermore, the reformation of the deed should relate back to the time of the original conveyance rather than to the date of the filing of *lis pendens* on the property by defendant's predecessor.

APPEAL by defendant General Growth Limited Partnership and cross-appeal by plaintiff from *Gudger, Judge.* Judgment entered 25 February 1987 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 30 November 1987.

*Blue and Fellerath, by James F. Blue, III, and Frederick S. Barbour, for plaintiff.*

*Ramsey, Cilley and Perkins, by Robert S. Cilley, for defendant General Growth Limited Partnership.*

GREENE, Judge.

This is a civil action for the reformation of a deed from defendants James Morgan, Sr., and his wife, Virginia Morgan, to plaintiff Cecil C. Arnette. Plaintiff contends this 1976 deed contains an improper legal description which mistakenly did not convey all of the property the parties intended. Consequently, defendant Morgan retained title to some of the property. In January 1984, General Growth Properties filed a notice of *lis pendens* on the property retained by Morgan and later obtained a North Carolina judgment against him based on a Florida judgment unrelated to the property in question. At some point, General Growth Properties assigned its interest in the judgment to defendant General Growth Limited Partnership (hereinafter, "General Growth"). In November 1985, plaintiff filed this action to reform the deed from James and Virginia Morgan to himself. The case was tried before a jury and the jury found the deed from the Morgans to plaintiff contained an incorrect description due to the mutual mistake of both parties.

The trial court entered an order reforming the deed to include the description of all the property the parties intended to convey, including the property on which defendant General Growth had a lien by virtue of its judgment. The court then decreed that the reformation relate back to the time of the filing of the *lis pendens.* Defendant General Growth gave timely notice of appeal to this Court contending that the reformation should not affect its judgment lien. It does not assign error to the jury's finding that a mutual mistake existed between Arnette and the Morgans as to the description in the deed. Plaintiff cross-assigns as error the trial judge's ruling that the reformation relate back to the time of the filing of the *lis pendens.*

The sole issue presented is whether the deed between Arnette and the Morgans can be reformed to affect the intervening judgment lien held by General Growth.

I

Under our real property registration statutes, registration determines the priority of rights deriving from deeds, mortgages, deeds of trust, and judgments. N.C.G.S. Secs. 47-18 and 47-20 (1984). The recording statutes are designed to protect prospective purchasers and encumbrancers of land. P. Hetrick, *Webster's Real Estate in North Carolina*, Sec. 373 at 404 (1981).

Here, defendant General Growth owns a docketed judgment which is a recorded lien on the real property of the debtor James E. Morgan under N.C.G.S. Sec. 1-234 (1983). The plaintiff, by seeking to reform the earlier deed to him from the Morgans, is claiming an equitable interest in the property on which defendant General Growth has the judgment lien.

Under our recording statutes, there is no distinction between creditors and purchasers for value: no conveyance of land is valid to pass any property as to either but from the registration of the conveyance. *Eaton v. Doub*, 190 N.C. 14, 19, 128 S.E. 494, 497 (1925). However, "parol trusts, and those created by operation of law, such as are recognized in this jurisdiction, do not come within the meaning and purview" of our registration statutes. *Spence v. Foster Pottery Co.*, 185 N.C. 218, 220-21, 117 S.E. 32, 33 (1923). *See also Crossett v. McQueen*, 205 N.C. 48, 51, 169 S.E. 829, 831 (1933) (declaration of a trust is not a conveyance, contract or lease requiring registration).

In *Lowery v. Wilson*, 214 N.C. 800, 200 S.E. 861 (1939), our Supreme Court held that both judgment creditors and purchasers for value could rely on the record and under the recording statutes be entitled to priority over an equity interest in the property not reflected in the record. Specifically, the Court in *Lowery*, applying the recording statutes, found a mortgage could not be reformed so as to affect the holder of a recorded judgment which accrued subsequent to the date of the mortgage but before the requested reformation of the mortgage. However, the *Lowery* Court

recognized again that parol trusts are outside the registration statutes. *Id.* at 804-05, 200 S.E. at 864.

In *Crossett v. McQueen,* 205 N.C. 48, 169 S.E. 829 (1933), our Supreme Court allowed reformation against several judgment creditors even though the recorded deed to the plaintiff-debtor showed he was the sole owner of the property. The Court allowed reformation when it found the debtor was holding the property as trustee for himself and three other persons even though the agreement was not reflected in the record.

Subsequent opinions indicate the Supreme Court has not rejected the basic holding of *Crossett.* In *Hice v. Hi-Mil, Inc.,* 301 N.C. 647, 273 S.E. 2d 268 (1981), the Court allowed reformation of a deed so as to provide an unrecorded equity interest priority over a subsequent purchaser with a recorded deed. However, the Court further held that if the purchaser had no notice of the equity prior to the purchase and if he paid valuable consideration, the purchaser would be given priority over the unrecorded equity interest. *Id.* at 653-54, 273 S.E. 2d at 272.

One authority has noted:

> Where a conveyance of land is made for consideration, and by mistake the conveyance is ineffective to transfer the land or the whole of the land for which the consideration was paid, the grantee is entitled to reformation of the deed. In such a case the grantor holds the land, which was intended to be conveyed, upon a constructive trust for the grantee.

V. A. Scott, *The Law of Trusts,* Sec. 466 at 3432 (3d ed. 1967); *see also* Annot., 12 A.L.R. 2d 961, 963 (1950); *cf. Bell v. McJones,* 151 N.C. 85, 65 S.E. 646 (1909) (Court held that party conveying property which deed failed to adequately describe holds that portion omitted from the description in trust for the purchaser when evidence showed sellers' fraud and that purchasers intended to purchase the entire parcel); *cf. also Spence,* 185 N.C. at 220-22, 117 S.E. at 33-34.

In the case at bar, the jury found the parties intended the deed to pass the entire property. Through a mutual mistake of the parties, the deed failed to do so. Defendant has not assigned error to the jury's finding. We conclude that Morgan, as grantor, held as a constructive trustee for Arnette that portion of the land

the parties intended to be conveyed. Therefore, this case falls out-side *Lowery* and the registration act and is controlled by the general principles of reformation in North Carolina. *See Spence,* 185 N.C. at 232, 117 S.E. at 33.

The general rule is that reformation will not be granted if prejudice would result to the rights of a bona fide purchaser for value without notice or someone occupying a similar status. 66 Am. Jur. 2d *Reformation of Instruments* Secs. 11, 65 (1973); *see also Hice,* 301 N.C. at 653, 273 S.E. 2d at 272; *M & J Finance Corp. v. Hodges,* 230 N.C. 580, 582, 55 S.E. 2d 201, 203 (1949) (the grantee or lien creditor of the apparent owner is protected against claims of the equitable owner of property only if grantee or lien creditor is purchaser for value without notice and "to con-stitute him a purchaser for value he must have advanced some new consideration or incurred some new liability on the faith of the apparent ownership"); and *Spence,* 185 N.C. at 232, 117 S.E. at 33. Where the issue is raised of whether the party resisting refor-mation is entitled to the protection given a bona fide purchaser for value without notice, the burden is on the resisting party to prove good faith payment of new consideration. The party seek-ing reformation must then prove the resisting party's knowledge of the equity. 76 C.J.S. *Reformation of Instruments* Sec. 82 at 450-51 (1952); *Johnston v. Terry,* 128 W.Va. 94, 107, 36 S.E. 2d 489, 495 (1945); *see also Hice,* 301 N.C. at 653, 273 S.E. 2d at 272 (where defendant is not party to original deed, plaintiff seeking reformation is required to prove knowledge of mistake can be im-puted to defendant).

A review of the record indicates that not only has defendant failed to prove it in good faith advanced new consideration or in-curred some new liability on the faith of the apparent ownership of Morgan, but that it has also failed to include any allegation of the same in its answer. Rule 8(c) of the North Carolina Rules of Civil Procedure, N.C.G.S. Sec. 1A-1 (1983) provides: "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense." Because defendant failed to plead or offer evidence on the defense of consideration advanced in good faith, defendant waived its right to assert this defense. *See Smith v. Hudson,* 48 N.C. App. 347, 352, 269 S.E. 2d 172, 176 (1980) (defendants failing to plead failure of consideration and statute of frauds was waiver of its

right to assert those defenses). Although General Growth is an assignee of the judgment, this bare fact standing alone does not entitle a party to the protection given a bona fide purchaser for value. Therefore, we do not address the issue of whether an assignee of a judgment steps into the shoes of its assignor and takes subject to the rights of the assignor, or whether the assignee may attain the status of a bona fide purchaser in its own right and thereby be unaffected by a subsequent reformation. *But see* 66 Am. Jur. 2d *Reformation of Instruments* Sec. 69 at 595 (1973). We find it unnecessary to address the other assignments of error raised by defendant General Growth.

Therefore, reformation is proper as to the judgment lien held by defendant General Growth. However, we agree with plaintiff that the trial judge erred in relating the reformation back to the date of the filing of the *lis pendens*. The reformation should date back to the time of the original conveyance. *Sheets v. Stradford,* 200 N.C. 36, 38, 156 S.E. 144, 146 (1930). This case is remanded to the trial court for entry of judgment in accordance with this opinion.

Affirmed in part and remanded with instructions.

Chief Judge HEDRICK and Judge MARTIN concur.

Judge MARTIN concurred in this opinion prior to 31 December 1987.