NOEL WILLIAMS MASONRY, INC., PLAINTIFF v. VISION CONTRACTORS OF CHARLOTTE, INC., MUTUAL SAVINGS AND LOAN ASSOCIATION OF CHARLOTTE, NORTH CAROLINA, J. L. CARTER, JR., TRUSTEE, GIBSON L. SMITH, JR., TRUSTEE, ASHLEY L. HOGEWOOD, JR., TRUSTEE, R. BRANDT DEAL, TRUSTEE, AND DENNIS W. McNAMES, TRUSTEE, McCLURE LUMBER COMPANY AND E. L. MORRISON LUMBER COMPANY, INC., DEFENDANTS

No. 9026SC1073

(Filed 6 August 1991)

1. **Rules of Civil Procedure § 56.5 (NCI3d) — summary judgment — findings of fact**

The trial court did not err by making findings of fact in an order granting summary judgment where the twenty-

NOEL WILLIAMS MASONRY v. VISION CONTRACTORS OF CHARLOTTE

[103 N.C. App. 597 (1991)]

three findings constituted the court's summation of the undisputed facts which supported its judgment.

**Am Jur 2d, Summary Judgment § 26.**

2. **Reformation of Instruments § 9 (NCI3d) — reformation of deed of trust — relation back — senior security interest**

The trial court did not err by holding that a deed of trust was the senior security interest where the lender originally failed to record a legal description of the property; the contractor defaulted on its payments to the lender and to subcontractors; three subcontractors obtained liens on the property; the lender rerecorded the deed of trust to include the legal description of the property after the dates of attachment of the subcontractors' liens; and the trial court held that the rerecording of the deed of trust related back to the original recording date.

**Am Jur 2d, Reformation of Instruments §§ 11, 53.**

3. **Mortgages and Deeds of Trust § 11.1 (NCI3d) — deed of trust — subcontractors' liens — not bona fide purchasers for value**

Three subcontractors were not entitled to the status of bona fide purchasers for value where the lender failed to record a legal description of the property; the contractor defaulted; the three subcontractors obtained liens on the property; and the lender rerecorded the deed of trust after the dates of attachment of the subcontractors' liens. There is no evidence that they furnished labor and materials on the faith of ownership clear of any deed of trust and answers to interrogatories indicated that no one checked the public record to determine whether any deed of trust or other instrument had been filed against the property. The trial court's ruling put the subcontractors in exactly the position they thought they held when they supplied the labor and materials.

**Am Jur 2d, Mortgages §§ 323, 325, 334, 352.**

APPEAL by plaintiff Noel Williams Masonry, Inc., defendant E. L. Morrison Lumber Company, Inc., and defendant McClure Lumber Company from Order of *Judge Samuel A. Wilson, III*, entered 27 June 1990 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 9 May 1991.

NOEL WILLIAMS MASONRY v. VISION CONTRACTORS OF CHARLOTTE

[103 N.C. App. 597 (1991)]

*Gerdes, Mason, Wilson & Simpson, by David T. Simpson, Jr.,
and Robert W. Allen, for plaintiff appellant, Noel Williams Masonry,
Inc.*

*Williams, Boger, Grady, Davis & Tuttle, P.A., by Samuel F.
Davis, Jr., for defendant appellant, E. L. Morrison Lumber Com-
pany, Inc.*

*Mitchell & Rallings, by Thomas B. Rallings, Jr., for defendant
appellant, McClure Lumber Company.*

*Horack, Talley, Pharr & Lowndes, P.A., by Robert C. Stephens
and James H. Pulliam, for defendant appellee, Mutual Savings
& Loan Association.*

COZORT, Judge.

A lending institute loaned money to a contractor for develop-
ment of a piece of property in Charlotte. The lender accepted
a deed of trust on the property from the contractor as security
for the loan; however, when the lender recorded the deed of trust,
it failed to record a legal description of the property. The contractor
defaulted on its payments to the lender and to subcontractors who
provided materials and services. Three subcontractors obtained
liens on the property. After the dates of attachment of the subcon-
tractors' liens, the lender rerecorded the deed of trust to include
the legal description of the property. In an action to establish
the priority of the liens, the trial court below held that the rerecord-
ing of the deed of trust related back to the original recording
date, giving the lender a lien senior to the liens of the subcontrac-
tors. We affirm. The facts follow.

Defendant Vision Contractors of Charlotte, Inc. (Vision), ob-
tained a construction loan on or about 19 August 1988 from defend-
ant Mutual Savings & Loan Association, Inc. (Mutual). The loan,
in the original principal amount of $136,000, was evidenced by
a deed of trust note, dated 19 August 1988, and was secured by
a deed of trust and security agreement of same date. The deed
of trust was recorded at the Mecklenburg County Public Registry
at 1:20 p.m. on 25 August 1988. The recorded deed of trust failed
to include a legal description that specifically identified and de-
scribed the real property located at 4128 Carmel Forest Drive
(Carmel Forest property).

On 25 August 1988, Vision entered into a contract with plaintiff Noel Williams Masonry, Inc. (Williams), and Williams supplied materials and services from 25 August 1988 until 17 October 1988. The total amount of labor and materials furnished pursuant to the Williams contract was in the total principal amount of $14,889.68. Vision defaulted in its obligation to pay Williams. On 3 November 1988, Williams filed a claim of lien against Vision.

E. L. Morrison Lumber Company, Inc. (Morrison), furnished lumber and other materials to the property from 14 October 1988 until 31 October 1988. The total amount due from Vision to Morrison for the lumber and building materials was $19,859.21. Vision defaulted in its obligation to pay Morrison. On 9 November 1988, Morrison filed a claim of lien against Vision. On 17 January 1989, Morrison filed a lawsuit against Vision to recover upon the claim of lien filed 9 November 1988. On 3 January 1990, a judgment was entered against Vision granting a lien upon the property with an effective date of 14 October 1988.

McClure Lumber Company (McClure) provided materials to the property from 21 October 1988 until 24 October 1988. Vision defaulted on its obligation to pay McClure $9,533.48 for those materials. On 10 November 1988, McClure filed a lawsuit to recover the amount owed by Vision and also on that date filed a claim of lien against the Carmel Forest property and other property owned by Vision. McClure obtained a default judgment against Vision. The judgment declared McClure to have a lien against the Carmel Forest property for materials supplied there with an effective date of 21 October 1988. The judgment also provided for an additional amount of $15,583.54 owed by Vision to McClure for materials supplied to a second piece of property owned by Vision. The judgment declared there to also be a specific lien against the Carmel Forest property on the $15,583.54 obligation with an effective date of 10 November 1988.

On 28 November 1988, Mutual rerecorded the deed of trust with the exhibit containing the legal description of the Carmel Forest property.

On 8 February 1989, Williams filed this lawsuit against Vision and Mutual to obtain a judgment against Vision, a lien against the property, and to determine the lien priority between Williams and Mutual. Morrison and McClure were later added as additional parties defendant so that the rights of all lienholders could be

adjudicated in one proceeding. Williams, Mutual, Morrison and McClure moved for summary judgment. The trial court entered an order on 13 July 1990 granting Mutual's motion for summary judgment, ordering

> that the Deed of Trust recorded on August 25, 1988 at 1:20 p.m. be and hereby is reformed to include the legal description with said reformation relating back to August 25, 1988 at 1:20 p.m. and the Deed of Trust held in favor of Mutual hereby is declared to be the first lien security interest on the Property, senior to the liens of Noel Williams, Morrison and McClure.

Williams, Morrison and McClure timely filed written notice of appeal.

[1]  The determinative issue on appeal is whether the trial court erred by holding in its order of summary judgment that Mutual's deed of trust is senior to the liens of Williams, Morrison and McClure. We first note that the trial court's order granting summary judgment contained extensive findings of fact and conclusions of law. Orders granting summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56 (1990) do not normally contain detailed findings of fact. *Avriett v. Avriett*, 88 N.C. App. 506, 363 S.E.2d 875, *affirmed*, 322 N.C. 468, 368 S.E.2d 377 (1988). However, if the findings of fact are actually the trial court's summation of the undisputed facts which support the judgment, findings of fact and conclusions of law do not render a summary judgment void or voidable. Rather, the findings may be helpful if the facts are not an issue and support the judgment. *PBM, Inc. v. Rosenfeld*, 48 N.C. App. 736, 737-38, 269 S.E.2d 748, 749-50 (1980), *disc. review denied*, 301 N.C. 722, 274 S.E.2d 231 (1981). Our review of the record below leads us to the conclusion that the twenty-three findings of fact entered in the trial court's order of summary judgment below constitute the court's summation of the undisputed facts which supported its judgment. We, therefore, find no error in the court's making findings of fact and conclusions of law.

[2]  We now turn to the issue of whether the trial court erred by holding that Mutual's deed of trust was the senior security interest on the Carmel Forest property. In *Arnette v. Morgan*, 88 N.C. App. 458, 363 S.E.2d 678 (1988), we dealt with a similar case involving reformation of a written instrument. In that case, plaintiff grantee filed an action to reform a deed which contained an improper legal description which mistakenly did not convey all of the property the parties intended to be conveyed. The trial

court entered an order reforming the deed to include the description of all the property the parties intended to convey. The court decreed that the reformation related back to the time of the filing of a *lis pendens* by an intervening judgment creditor. *Id.* at 459, 363 S.E.2d at 679. On appeal, we affirmed the trial court's decision to allow reformation of the deed and the relation back of the recording. We held, however, that the reformation should date back to the time of the original conveyance. *Id.* at 463, 363 S.E.2d at 681. In holding that reformation was proper, we noted that registration determines the priority of rights deriving from deeds, mortgages, deeds of trust, and judgments. We also found, however, that trusts created by operation of law do not come within the meaning and purview of the registration statutes. *Id.* at 460, 363 S.E.2d at 679-80. We held that under the facts stated in *Arnette*, the grantor held as a constructive trustee for the grantee that portion of the land the parties intended to be conveyed. The case, therefore, fell outside the registration act and was controlled by the general principles of reformation in North Carolina. *Id.* at 461-62, 363 S.E.2d at 680. We then held:

> The general rule is that reformation will not be granted if prejudice would result to the rights of a bona fide purchaser for value without notice or someone occupying a similar status. . . . Where the issue is raised of whether the party resisting reformation is entitled to the protection given a bona fide purchaser for value without notice, the burden is on the resisting party to prove good faith payment of new consideration.

*Id.* at 462, 363 S.E.2d at 680-81 (citations omitted). The question before us, then, is whether our reasoning in *Arnette* is applicable to the factual situation below.

Williams, Morrison and McClure contend that *Arnette* should not apply to this case. McClure argues that the current situation is distinguishable from *Arnette* because *Arnette* involved the reformation of a *deed*; whereas, Mutual seeks to have reformed and relate back the reformation of a *deed of trust*. McClure, Morrison and Williams argue that the subcontractors acted in reliance on Vision's ownership and tendered labor and materials for the benefit of the property subject to the deed of trust, entitling them to the protection given a bona fide purchaser for value without notice. We reject these arguments.

We find no reason to distinguish a deed of trust from a deed. In *Crews v. Crews*, 210 N.C. 217, 186 S.E. 156 (1936), the Supreme Court stated that the " 'equity for the reformation of a deed *or written instrument* extends to the inadvertence or mistake of the draftsman who writes the deed or instrument.' " *Id.* at 221, 186 S.E.2d at 158 (quoting *Crawford v. Willoughby*, 192 N.C. 269, 134 S.E. 494 (1926) ) (emphasis added). That case specifically upheld the reformation of a deed of trust.

[3]   Nor do we find that Williams, Morrison and McClure should be given the status of bona fide purchasers for value. Although each subcontractor contributed labor and materials to the property, there is no evidence that the consideration was given on the faith of the ownership of the property by Vision free and clear of any deed of trust. According to the answers to Mutual's interrogatories filed by Williams, Morrison and McClure, no one checked the public record to determine whether any deed of trust or other instrument had been filed against the Carmel Forest property. Therefore, these subcontractors should not be treated as innocent purchasers for value. Instead, the trial court's holding puts them in exactly the position they thought they held when they supplied the labor and materials to the property: they were entitled to liens which were junior to the deed of trust held by Mutual. We thus find the reasoning we expressed in *Arnette* to be applicable to the facts below, and we hold the trial court did not err in entering an order of summary judgment declaring Mutual's security interest senior to the liens of Williams, Morrison and McClure. The trial court's order is

Affirmed.

Judges ORR and WYNN concur.