S.T. WOOTEN CORPORATION, Plaintiff v. FRONT STREET CONSTRUCTION, LLC; HILLSBOROUGH RESIDENTIAL ASSOCIATES; EYC HILLSBOROUGH, LLC; K & S HILLSBOROUGH RESIDENTIAL, LLC; COLONIAL BANK, N.A.; and DAWN HELMS SHARFF, TRUSTEE, Defendants

No. COA11-649

(Filed 6 December 2011)

**1. Reformation of Instruments—deed of trust—superior lien-holder—restoration to same position—unknown mistake**

The trial court did not err by ordering reformation of a deed of trust declaring defendant bank's deed of trust superior to plaintiff's lien. The reformation of the deed would not prejudice the subcontractors. It would merely restore them to the position they assumed they would be in when they performed the work as junior to the lender. Further, plaintiff was not prejudiced because by its own admission, it did not know of the mistake in the deed.

**2. Reformation of Instruments—deed of trust—misrepresentation—unclean hands—collateral misconduct—scrivener's error**

The trial court did not err by concluding that defendant bank did not have unclean hands based on its alleged misrepresentation regarding defendant Hillsborough Residential Associates' line of credit. The bank's alleged misconduct was only collaterally related to reformation of the deed of trust. The error was due to a scrivener's error, and the trial court had discretionary authority to correct such errors in reformation.

Appeal by plaintiff from order entered 24 November 2010 by Judge Paul G. Gessner in Wake County Superior Court. Heard in the Court of Appeals 7 November 2011.

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Peter J. Marino, Matthew G.T. Martin, and Tobias R. Coleman, for plaintiff-appellant.*

*Nicholls & Crampton, P.A., by W. Sidney Aldridge, for defendants-appellees.*

MARTIN, Chief Judge.

In October 2006, the Harlton Tate McKee Revocable Trust ("McKee Trust") sold certain real property in Orange County to

Hillsborough Residential Associates ("Hillsborough"). The deed, recorded on 4 October 2006, mistakenly described the estate conveyed as "one-half fee simple interest" in the property rather than the entire undivided fee simple interest contemplated by both parties.

In February 2007, Colonial Bank made a construction loan in the amount of $14 million to Hillsborough to fund Hillsborough's development of the property. The deed of trust securing the loan described as collateral for the loan the full undivided interest in the property. Hillsborough contracted with Front Street, a general contractor, to develop the property. In August 2007, plaintiff S.T. Wooten Corporation, a prospective subcontractor, inquired of Colonial Bank to ascertain whether the credit extended by the bank to Hillsborough was sufficient to cover the cost of the proposed work on the property. After being advised that the loan was sufficient to fund the development, on 12 September 2007, plaintiff entered into a contract with Front Street to provide site work and horizontal infrastructure on the property, and began work two days later.

Meanwhile, McKee Trust and Hillsborough realized, at some point, that the original deed contained the scrivener's error, and recorded a corrected deed on 2 November 2007 conveying a full undivided fee simple interest in the property to Hillsborough. Neither plaintiff nor Colonial Bank had knowledge of the error in the deed at that time. Upon learning of the error and recordation of the corrected deed, Colonial Bank re-recorded its original deed of trust in September 2008.

On 13 May 2009, plaintiff completed its work on the property. When payment was not forthcoming, plaintiff filed a claim of lien on the real property on 9 September 2009. Plaintiff also filed suit for money owed, and contended that its lien had priority over the deed of trust to Colonial Bank with regard to the one-half interest in the property not conveyed to Hillsborough in the original deed. Colonial Bank answered and asserted a counterclaim seeking reformation of the 2006 deed from McKee Trust to Hillsborough and a declaratory judgment decreeing that its deed of trust was superior to plaintiff's lien on the property. Colonial Bank moved for summary judgment. The court granted Colonial Bank's motion for summary judgment, reforming the deed and declaring Colonial Bank's deed of trust superior to plaintiff's lien. Plaintiff appeals.

---

On appeal, plaintiff contends that established precedent requires a declaration that plaintiff's lien is superior to Colonial Bank's deed

of trust, at least with respect to the one-half undivided interest in the property which was not originally conveyed to Hillsborough, and that Colonial's equitable claim for reformation of the 2006 deed from McKee Trust to Hillsborough is barred by Colonial Bank's unclean hands. We reject both arguments.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

I.

[1] Citing *Lowery v. Wilson*, 214 N.C. 800, 200 S.E. 861 (1939), plaintiff contends it is protected from a reformation claim and, as against a mortgage containing an incorrect description, has the same priority status as a purchaser in good faith. In *Lowery*, our Supreme Court held that a mortgagee of a recorded mortgage, which contained an error as to the amount secured thereby, was not entitled to reformation of the mortgage as against judgment creditors, who occupy the same position as a purchaser in good faith for value. *Id.* at 806, 200 S.E. at 865. We believe plaintiff's reliance on *Lowery* is misplaced, however, as the Court applied the registration statutes in reaching its decision and explicitly acknowledged that parol trusts and those created by *operation of law* are not governed by the registration statutes. *Id.* at 804, 200 S.E. at 864.

A constructive trust is a trust created by operation of law. *E.g.*, *Carcano v. JBSS, LLC*, 200 N.C. App. 162, 171, 684 S.E.2d 41, 49 (2009). When a grantor, through a mutual mistake, conveys less to a grantee than was intended, the grantor holds the remaining portion of the property not conveyed in constructive trust for the grantee. *Arnette v. Morgan*, 88 N.C. App. 458, 461-62, 363 S.E.2d 678, 680 (1988). This is precisely the situation between McKee Trust and Hillsborough. Thus, general equity principles regarding reformation apply in this case, rather than the registration statutes. *See id.* at 462, 363 S.E.2d at 680.

The general rule is that reformation will not be granted if prejudice would result to the rights of a bona fide purchaser for value without notice or someone occupying a similar status. . . . Where the issue is raised of whether the party resisting reformation is entitled to the protection given a bona fide purchaser for value

without notice, the burden is on the resisting party to prove good faith payment of new consideration.

*Id.* at 462, 363 S.E.2d at 680-81.

We agree with defendants that the present case is controlled by this Court's decision in *Noel Williams Masonry v. Vision Contractors of Charlotte, Inc.*, 103 N.C. App. 597, 406 S.E.2d 605 (1991). In *Williams Masonry*, defendant Vision Contractors obtained a construction loan from a lending institution for development of a piece of property. *Id.* at 599, 406 S.E.2d at 606. The loan was secured by a deed of trust, but when the deed of trust was recorded, an attachment describing the collateral property was inadvertently omitted. *Id.* Vision Contractors subsequently hired three subcontractors, who supplied materials and services. *Id.* at 599-600, 406 S.E.2d at 606-07. When Vision Contractors later defaulted on its payments to the subcontractors, each filed liens for money owed. *Id.* at 600, 406 S.E.2d at 607. Upon discovering that the deed of trust failed to contain the legal description, the lending institution rerecorded it. *Id.* The subcontractors brought an action to establish the priority between the deed of trust and their liens. *Id.* The trial court reformed the deed of trust to include the description and related the reformation back to the date of recording of the original deed of trust, reestablishing the lender's priority. *Id.* at 601, 406 S.E.2d at 607.

On appeal, this Court, relying on *Arnette*, determined that the subcontractors should not be given the status of bona fide purchasers for value, because there was no evidence that the subcontractors had provided service and materials in reliance on the defective deed of trust. *Id.* at 603, 406 S.E.2d at 608. Thus, the reformation of the deed of trust would not prejudice the subcontractors; it would merely restore them to the position they assumed they would be in when they performed the work, i.e., junior to the lender. *Id.*

*Williams Masonry* and the instant case are remarkably similar. As a result of the scrivener's error in the deed, McKee Trust held, by operation of law, the half of the property mistakenly not conveyed in constructive trust for Hillsborough. Plaintiff contracted with Front Street assuming that Colonial, as the lender financing the project, had a superior interest in the property. Plaintiff began work in September 2007, but did not learn of the scrivener's error until sometime in 2009. Thus, it did not begin work or furnish new materials in reliance upon the error in the original deed. Moreover, because plaintiff, by its own admission, did not know of the mistake in the deed, plaintiff is not

prejudiced by reformation of the deed to reflect the original intent of the parties. Just as in *Williams Masonry*, reforming the deed will put plaintiff in the position it expected to be in when it contracted to do the work originally. The trial court did not err in ordering reformation of the deed.

## II.

**[2]** Plaintiff, however, contends Colonial Bank had unclean hands due to its alleged misrepresentation regarding Hillsborough's line of credit, so that it is not entitled to the equitable remedy of reformation of the October 2006 deed. We disagree.

Reformation is an equitable remedy, and in order to enjoy this remedy, "he who comes into equity must come with clean hands." This "maxim applies to the conduct of a party with regard to the specific matter before the court [for] which the party seeks equitable relief and does not extend to that party's general character." *Creech v. Melnik*, 347 N.C. 520, 529, 495 S.E.2d 907, 913 (1998). The inequitable action need not rise to the level of fraud, though it can, *Stelling v. Wachovia Bank and Trust Co.*, 213 N.C. 324, 327, 197 S.E. 754, 756 (1938); rather "[t]he clean hands doctrine denies equitable relief only to litigants who have acted in bad faith, or whose conduct has been dishonest, deceitful, fraudulent, unfair, or overreaching in regard to the transaction in controversy." *Collins v. Davis*, 68 N.C. App. 588, 592, 315 S.E.2d 759, 762 (1984), *aff'd*, 312 N.C. 324, 321 S.E.2d 892 (1984).

Where, however, the alleged misconduct giving rise to the assertion of unclean hands arises out of matters which are merely collateral to the transaction for which equitable relief is sought, the equitable remedy is not barred. *United Artists Records, Inc. v. Eastern Tape Co.*, 19 N.C. App. 207, 213, 198 S.E.2d 452, 456 (1973). Applying those principles to the present case, while the evidence, viewed in the light most favorable to plaintiff, could show that Colonial Bank made a misrepresentation regarding the amount of funds it extended to Hillsborough, Colonial Bank's alleged misconduct is only collaterally related to the transaction in controversy, namely, reformation of the deed from McKee Trust to Hillsborough. The error in the deed was due to a scrivener's error, and the court's discretionary authority to correct such errors in reformation has long been recognized. *Citifinancial Mortgage Co. v. Gray*, 187 N.C. App. 82, 89, 652 S.E.2d 321, 324 (2007) (citing *Crawford v. Willoughby*, 192 N.C. 269, 271, 134 S.E. 494, 495 (1926)). Plaintiff did not forecast any evidence to show that Colonial caused the scrivener's error or even had knowledge of

it until after it made its representation to plaintiff. Furthermore, plaintiff admits that it did not rely on the erroneous description which was corrected by the reformation and that it was not concerned with Colonial Bank's collateral for the line of credit. Rather, plaintiff's reliance was only upon Colonial Bank's assertion regarding the amount of credit extended to Hillsborough without regard to the manner in which the credit was secured. While it is true that Colonial Bank benefits from reformation of the deed, this benefit is only incidental to the reformation of the transaction between third parties, McKee Trust and Hillsborough, which is wholly unrelated to any representation made by Colonial Bank to plaintiff. Therefore, we hold that since Colonial's alleged wrongdoing is collateral to the transaction in controversy, the trial court did not abuse its discretion in reforming the October 2006 deed. *See Roberts v. Madison County Realtors Assoc.*, 344 N.C. 394, 401, 474 S.E.2d 783, 788 (1996).

Affirmed.

Judges STROUD and ERVIN concur.